IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01765-BNB

JOHN NASIOUS,

       Plaintiff,

v.

TWO UNKNOWN B.I.C.E. AGENTS AT ARAPAHOE COUNTY JUSTICE CENTER,
PRESIDENT GEORGE W. BUSH,
TOM RIDGE – Secretary – United States Department of Homeland Security,
UNITED STATES ATTORNEY GENERAL ALBERTO GONZALES,
U.S. DEPARTMENT OF JUSTICE,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND
    CUSTOMS ENFORCEMENT JEFF COBB – Regional Director (Denver),
CITY AND COUNTY OF DENVER MAYOR JOHN HICKENLOOPER,
JOHN DOE AND JANE DOE 1-100,
DENVER BOARD OF COUNTY COMMISSIONERS,
JOHN DOE & JANE DOE 1-10,
UNDER SHERIFF LOVINGER, Director of Corrections, Denver City and County Jail,
JOHN DOE 1-100,
DR. CRUM AND COMPLETE MEDICAL STAFF 1-100,
ARAPAHOE COUNTY BOARD OF COMMISSIONERS,
LYNN MEYERS,
BERNIE ZIMMER,
ARAPAHOE COUNTY DETENTION FACILITY,
SHERIFF J. GRAYSON ROBINSON,
JOHN DOE AND JANE DOE 1-100,
SGT. GROSKRUGER,
CORRECTIONAL HEALTH CARE MANAGEMENT,
DR. SCHLEGEL,
DR. SOLIS,
DR. GARLICK,
DR. FERRER AND COMPLETE MEDICAL STAFF 1-50,
ELAINE MEYERS, R.N., H.S.A. AND COMPLETE MEDICAL STAFF 1-100 ACDF, and
MAYOR OF CENTENNIAL RANDY PYE,

       Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff John Nasious is a prisoner in the custody of the Colorado Department of Corrections at the Denver Reception and Diagnostic Center in Denver, Colorado. Mr. Nasious has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated while he was confined at the Denver County Jail and at the Arapahoe County Detention Facility. The court must construe the complaint liberally because Mr. Nasious is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Nasious will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Nasious and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Nasious asserts various claims pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. However, he fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It is not clear what specific claims for relief Mr. Nasious is asserting or what specific actions of the Defendants allegedly violated his constitutional rights because the allegations in the complaint are not simple, concise, and direct. Therefore, Mr. Nasious will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Nasious is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Nasious may not simply refer to some prior action and expect the court and Defendants to review the prior action in order to determine what claims may be asserted in the instant action.

Mr. Nasious also is advised that he must allege specific facts in his amended complaint that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Nasious must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Nasious also must clarify in his amended complaint how he has exhausted administrative remedies for each asserted claim. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Nasious must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Nasious has not exhausted administrative remedies for each of his claims, the entire action must be dismissed. Accordingly, it is

ORDERED that Mr. Nasious file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Nasious, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Nasious fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED October 13, 2006, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01765-BNB

John Nasious
Prisoner No. 98775
DRDC
PO Box 392004
Denver, CO 80239-8004

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 10/13/06

GREGORY C. LANGHAM, CLERK

By /s/ Deputy Clerk