IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01765-BNB

JOHN NASIOUS,

    Plaintiff,

v.

TWO UNKNOWN B.I.C.E. AGENTS AT ARAPAHOE COUNTY JUSTICE CENTER,
PRESIDENT OF THE UNITED STATES OF AMERICA GEORGE W. BUSH,
TOM RIDGE – Secretary of the United States Department of Homeland Security,
U.S. DEPARTMENT OF JUSTICE – UNITED STATES ATTORNEY GENERAL
    ALBERTO GONZALES,
DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS
    ENFORCEMENT JEFF COPP – Regional Director – Denver,
AGENT MICHAEL WHEELER,
AGENT DEVALUE CUMMINGS,
AGENT EDDIE SANCHEZ,
AGENT FRANK LEE,
CITY AND COUNTY OF DENVER MAYOR JOHN HICKENLOOPER,
DENVER BOARD OF COUNTY COMMISSIONERS, JOHN DOE and JANE DOE 1-10,
UNDER SHERIFF LOVINGER – Director of Corrections, Denver City and County Jail,
JOHN DOE AND JANE DOE 1-100,
SHERIFF STRONG,
NURSE ROSIE,
BETH LINDROSS, H.S.A. AND COMPLETE MEDICAL STAFF 1-50,
DR. CRUM,
DR. HIRSH,
SHERIFF FISHER,
CAPTAIN BLAIR,
CHIEF WILSON, Formerly Lt. Wilson,
NURSE JOE,
CORRECTIONAL HEALTH CARE MANAGEMENT,
DR. SOLIS, CMS,
DR. SCHLEGAL, CMS,
DR. SATHER, CMS,
ED CILMOR – Aramark Correctional Services,
ARAMARK CORP. – JOSEPH NEUBAUER CEO – Philadelphia, Pennsylvania,
JOSEPH ORTIZ – Colorado Department of Corrections,
DIRECTOR JEANEENE MILLER – Colorado Department of Corrections of Adult
    Parole, Community Corrections and YOS,
DIVISION OF ADULT PAROLE, Central Sherman Office,

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 0 2007

GREGORY C. LANGHAM
    CLERK

PAROLE OFFICER NATALIE KIRKLAND,
JOHN DOE AND JANE DOE 1-100,
ALL KNOWN DEFENDANTS CURRENTLY NOT KNOWN BY NAME BUT WILL BE
    IDENTIFIED AND ADDED AT A LATER DATE,
DENVER CITY JAIL SGT. SULLIVAN,
SHERIFF JOHN DOE, Denver City Jail (Who Punched and Beat Plaintiff),
DENVER CITY JAIL SHERIFF GUZMAN,
MAYOR OF CENTENNIAL – RANDY PYE,
ARAPAHOE COUNTY BOARD OF COMMISSIONERS,
LYNN MYERS,
BERNIE ZIMMER,
ARAPAHOE COUNTY DETENTION FACILITY,
SHERIFF J. GRAYSON ROBINSON,
JOHN DOE & JANE DOE 1-100,
SGT. GROSSKRUGER,
SHERIFF HANSON,
ELAINE MEYERS, R.N., H.S.A., and
COMPLETE MEDICAL STAFF 1-50,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, John Nasious, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Nasious initiated this action by filing *pro se* a complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated while he was confined at the Denver County Jail and at the Arapahoe County Detention Facility. On October 13, 2006, the court ordered Mr. Nasious to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, that includes specific facts to demonstrate how each named Defendant personally participated in the asserted constitutional violations, and that clarifies how he has exhausted administrative remedies for each asserted claim. On November 9,

2006, Mr. Nasious filed an amended complaint. In an order filed on February 1, 2007, the district judge dismissed the amended complaint and the action for failure to comply with the pleading requirements of Rule 8. On July 3, 2007, the United States Court of Appeals for the Tenth Circuit reversed the dismissal of this action and remanded the case for further proceedings. The circuit court did not determine that the amended complaint filed by Mr. Nasious complied with the pleading requirements of Rule 8. Instead, the circuit court determined that the action improperly was dismissed with prejudice.

The court has reviewed the amended complaint filed by Mr. Nasious in this action and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."

Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Nasious fails to set forth a short and plain statement of his claims showing that he is entitled to relief. He fails to provide a clear and concise statement of each claim that identifies the constitutional right that allegedly has been violated and that includes specific facts alleging how the Defendant or Defendants linked to each claim personally participated in the asserted constitutional violation. In order for Mr. Nasious "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

Therefore, Mr. Nasious will be given a final opportunity to file a second amended complaint that complies with the pleading requirements of Rule 8. Mr. Nasious is reminded that it is his responsibility to present his claims in a manageable format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Finally, Mr. Nasious is reminded of his continuing obligation to make monthly filing fee payments in this action until the $350.00 filing fee is paid in full. Pursuant to 28 U.S.C. § 1915(b)(2), Mr. Nasious is "required to make monthly payments of 20 percent of the preceding month's income credited to [his] account." If Mr. Nasious has no monthly income in any particular month or lacks sufficient funds to make a particular

monthly filing fee payment, he must show cause why he is not required to make a monthly filing fee payment for that particular month. In order to show cause, Mr. Nasious must file a current certified copy of his inmate trust fund account statement that demonstrates either a lack of income or insufficient funds to make the required monthly payment. Accordingly, it is

ORDERED that Mr. Nasious file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Nasious, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Nasious fails to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED August 30, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01765-BNB

John Nasious
Prisoner No. 98775
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 8/30/07

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk