IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01765-BNB

JOHN NASIOUS,

    Plaintiff,

v.

TWO UNKNOWN B.I.C.E. AGENTS AT ARAPAHOE COUNTY JUSTICE CENTER,
DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS
    ENFORCEMENT AGENT MICHAEL WHEELER,
CITY AND COUNTY OF DENVER UNDER SHERIFF LOVINGER, Denver City and
    County Jail,
DENVER HEALTH MEDICAL CENTER NURSE ROSIE PAGLIANO,
ARAPAHOE COUNTY DETENTION FACILITY SHERIFF J. GRAYSON ROBINSON,
ARAMARK CORPORATION – ED CILMORE,
ARAMARK CORPORATION – JOSEPH NEUBAUER CEO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 8 2007

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

Plaintiff, John Nasious, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Nasious initiated this action by filing *pro se* a complaint pursuant to 42 U.S.C. § 1983. On October 13, 2006, the court ordered Mr. Nasious to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, that includes specific facts to demonstrate how each named Defendant personally participated in the asserted constitutional violations, and that clarifies how he has exhausted administrative remedies for each asserted claim. On November 9, 2006, Mr. Nasious filed an amended complaint. In an order filed on February 1, 2007,

the district judge dismissed the amended complaint and the action for failure to comply with the pleading requirements of Rule 8. On July 3, 2007, the United States Court of Appeals for the Tenth Circuit reversed the dismissal of this action and remanded the case for further proceedings. The circuit court did not determine that the amended complaint filed by Mr. Nasious complied with the pleading requirements of Rule 8. Instead, the circuit court determined that the action improperly was dismissed with prejudice.

On August 30, 2007, following the remand, the court entered an order giving Mr. Nasious one final opportunity to file a second amended complaint that complies with the pleading requirements of Rule 8. On December 3, 2007, Mr. Nasious filed a second amended complaint. The court has reviewed the second amended complaint and finds that, although Mr. Nasious has done a better job of providing a short and plain statement of his claims, the second amended complaint improperly combines three separate and unrelated claims against three separate groups of Defendants into one action. As a result, the second amended complaint violates Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Rule 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Mr. Nasious asserts his first claim, an Eighth Amendment claim, against three individuals at the Denver County Jail. Mr. Nasious' first claim arises out of an incident at the Denver City and County Jail when Mr. Nasious was sexually assaulted by

2

another inmate in his cell. Mr. Nasious' second claim is that he was denied a religious diet while he was confined at the Arapahoe County Detention Facility. The second claim is asserted against the Arapahoe County Sheriff and two individuals employed by the company contracted to provide food services at the Arapahoe County Detention Facility. Mr. Nasious' third claim challenges a detainer filed against him by immigration officials. The third claim is asserted against three individuals employed by the federal Bureau of Immigration and Customs Enforcement. As noted above, there is no overlap between the three groups of Defendants alleged to have violated Mr. Nasious' rights in connection with these three claims. Mr. Nasious does not assert any right to relief against the three separate groups of Defendants "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). In essence, Mr. Nasious has combined what should be three lawsuits into one pleading.

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, the court may dismiss improper parties. *See id.* However, because it is not clear which one of his three claims Mr. Nasious intends to pursue in this action, he will be ordered to file a third amended pleading that complies with the joinder requirements of Rule 20(a)(2). Mr. Nasious is reminded that the third amended complaint also must comply with the pleading requirements of Rule 8. In order for Mr. Nasious to state a claim in federal court, the third amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

3

1163 (10th Cir. 2007). Furthermore, Mr. Nasious must present his claims in a manageable format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Nasious file **within thirty (30) days from the date of this order** an original and a copy of a third amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Nasious, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Nasious fails to file an original and sufficient copies of a third amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED December 13, 2007, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01765-BNB

John Nasious
Prisoner No. 98775
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** and two copies of the **Prisoner Complaint** to the above-named individuals on 12/13/07

GREGORY C. LANGHAM, CLERK

By: /s/ Andea
Deputy Clerk