IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 06-cv-01765-ZLW-KMT

JOHN NASIOUS,

    Plaintiff,

v.

TWO UNKNOWN B.I.C.E. AGENTS AT THE ARAPAHOE COUNTY JUSTICE
    CENTER;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY - IMMIGRATION AND
    CUSTOMS ENFORCEMENT - AGENT MICHAEL WHEELER; and
UNITED STATES DEPARTMENT OF HOMELAND SECURITY - IMMIGRATION AND
    CUSTOMS ENFORCEMENT - AGENT LEE,

    Defendants.

---

ORDER

---

The matter before the Court is Defendant Wheeler's Motion To Dismiss Or, In the Alternative, For Summary Judgment (Doc. No. 78) (Motion). This matter was referred to Magistrate Judge Kathleen M. Tafoya pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. On January 27, 2009, the Magistrate Judge issued a Recommendation Of United States Magistrate Judge (Recommendation) recommending that the Motion be granted. (Doc. No. 84). Plaintiff filed a timely written objection to the Recommendation on February 6, 2009.[1] (Doc. No. 85). The

---

[1] Although Plaintiff's filing is entitled "Plaintiff's Answer To Magistrate Judge Recommendation," it is, in substance, an objection to the Magistrate Judge's recommendation pursuant to Fed. R. Civ. P. 72(b)(2).

Court reviews *de novo* those portions of the Magistrate Judge's Recommendation to which Plaintiff has specifically objected.[2]

The undisputed facts presented on Defendant's Motion indicate that in August 2005, Defendant Michael Wheeler, an officer with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), lodged an immigration detainer against Plaintiff, who was then a prisoner in the Denver County Jail awaiting disposition of state criminal charges against him.  Defendant Wheeler lodged the detainer after Plaintiff told him during an interrogation session at the Denver County Jail that he was a native of Greece, and based upon the lack of any Department of Homeland Security records showing that Plaintiff had a proper visa.  Defendant Wheeler then withdrew the detainer in April 2006 after Plaintiff changed his story, asserting that he was actually a U.S. citizen, and provided an Illinois birth certificate.  Plaintiff claims that his constitutional due process rights[3] were violated when Defendant Wheeler "held Plaintiff Nasious with an illegal immigration detainer for 9 ½ months at the Denver County Jail and Arapahoe County Detention Facility,"[4] "violating [Plaintiff's] right to be able to bond, and his rights to go to Community Corrections."[5]  Plaintiff appears to be suing

---

[2] See 28 U.S.C. § 636(b)(1); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .").

[3] Although Plaintiff refers to the "Due Process Clause of the Eighth Amendment," Plaintiff's Answer To Magistrate Judge Recommendation (Doc. No. 85) at 5, the Due Process Clause is contained within the Fourteenth Amendment to the U.S. Constitution.  See U.S.C.A. Const. amend. XIV, § 1.

[4] "3rd Amended Prisoner Complaint" (Doc. No. 49) (Complaint) ¶ 7.  Plaintiff apparently was a prisoner in the Arapahoe County Detention Facility for a short time during the period at issue.

[5] Id. at ¶ 8.

Defendant Wheeler in his individual capacity pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>.[6]

Defendant Wheeler's Motion is expressly titled as a motion to dismiss *or* for summary judgment, and it recites the specific standard of review for motions for summary judgment under Fed. R. Civ. P. 56(c).  Thus, Plaintiff was on notice that Defendant Wheeler was moving for summary judgment in the alternative, and the Magistrate Judge properly treated the Motion, to which two evidentiary exhibits were attached, as one for summary judgment.

Although Plaintiff never filed a response to Defendant Wheeler's motion, he now asserts in his objection to the Magistrate Judge's Recommendation that he "disputes the facts presented by the moving party's motion and requests that the motion be postponed or denied until discovery has taken place, so that additional facts can be gathered to permit fair and proper justice in this case."[7]  Under Fed. R. Civ. P. 56(f), the court may deny or continue a motion for summary judgment where the party opposing the motion shows by affidavit that, for specified reasons, he or she cannot present facts essential to support his or her opposition.  The Rule 56(f) affidavit must "explain[ ] why facts precluding summary judgment cannot be presented.  This includes identifying the probable facts not available and what steps have been taken to obtain these facts."[8]  The affidavit must "state with specificity how the additional material will rebut the

---

[6] 403 U.S. 388 (1971).

[7] Plaintiff's Answer To Magistrate Judge Recommendation (Doc. No. 85) at 8.

[8] <u>Libertarian Party v. Herrera</u>, 506 F.3d 1303, 1308 (10th Cir. 2007) (Internal quotation and citation omitted).

summary judgment motion."[9]  Plaintiff filed no such affidavit in response to the Motion, and has at no time identified the specific allegedly unavailable facts and the steps taken to obtain them.  Although the Court must construe, and has construed, Plaintiff's pleadings liberally because he is proceeding *pro se*, Plaintiff's *pro se* status does not relieve him of his obligation to comply with the Federal Rules of Civil Procedure.[10]  Plaintiff's objection lacks merit to the extent that it argues for denial or postponement of the Motion pending further, unspecified, discovery.

Plaintiff also argues that Defendant Wheeler is not entitled to sovereign immunity.  Neither Defendant Wheeler's Motion nor the Magistrate Judge's Recommendation were premised upon, or even mention, sovereign immunity.  While Defendant Wheeler did argue that he is entitled to *qualified* immunity, the Magistrate Judge stated that, because there is no evidence of a constitutional violation in this case, she would "not address the application of the doctrine of qualified immunity to Defendant Wheeler."[11]  Thus, the Magistrate Judge's Recommendation was not based in any way on the doctrine of qualified immunity, and any objection by Plaintiff concerning qualified immunity lacks merit.

The only remaining specific objection submitted by Plaintiff appears to be that, while the Magistrate Judge concluded that the lodging of the immigration detainer did not violate Plaintiff's due process rights, according to Plaintiff, the "detention continued long enough to constitute punishment, [and thus] his duration of detention may be held

---

[9] Id. at 1308-09 (internal quotation and citation omitted).

[10] Murray v. City of Tahlequah, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

[11] Recommendation (Doc. No. 84) at 10 n.3.

to violate due process."[12]  However, despite its perhaps confusing nomenclature, the ICE detainer did not impose, create, or affect the duration of Plaintiff's detention in Denver County Jail or the Arapahoe County Detention Facility.  Plaintiff's detention was imposed by the state of Colorado based on Plaintiff's pending criminal charges; it was not imposed by or in any way impacted by the ICE detainer.  Rather, the ICE detainer merely requested that the Denver County Jail notify ICE in the event that Plaintiff was transferred to another institution.[13]  As such, the ICE detainer could not, as a matter of law, constitute a restraint on or deprivation of a liberty interest upon which a due process violation could be premised.[14]  Although Plaintiff contends that Defendant Wheeler's "refus[al] to lift the detainer" for a period of time violated Plaintiff's "right to be able to bond, and his right to go to Community Corrections,"[15] Plaintiff had no constitutionally protected right to be placed in Community Corrections, and thus a denial of such placement could not violate due process.[16]  To the extent that Plaintiff now is arguing that the ICE detainer violated his "constitutional right to bail" *prior to*

---

[12] Plaintiff's Answer To Magistrate Judge Recommendation (Doc. No. 85) at 6.

[13] Motion Ex. A1 at ¶¶ 11-14.

[14] See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 200 (1989) ("In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf - through incarceration, institutionalization, or other similar restraint of personal liberty - which is the "deprivation of liberty" triggering the protections of the Due Process Clause[.]");

[15] Complaint ¶ 8.

[16] See Greenholtz v. Inmates of the Nebraska Penal and Corrections Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  The Magistrate Judge reasonably interpreted Plaintiff's allegations as contending that the ICE detainer had prevented him from posting a bond to allow him to go to Community Corrections after his sentencing.  See Recommendation (Doc. No. 84) at 3.

sentencing,[17] there is no constitutional right to unconditional release on bail upon which a due process violation could be based.[18]

For the foregoing reasons, the January 27, 2009, Recommendation of the Magistrate Judge is accepted and adopted, and it is

ORDERED that Defendant Wheeler's Motion To Dismiss Or, In the Alternative, For Summary Judgment, treated as a motion for summary judgment, is granted.  It is

FURTHER ORDERED that Defendant Michael Wheeler, designated on the case caption as "United States Department Of Homeland Security - Immigration and Customs Enforcement - Agent Michael Wheeler," is dismissed from this action with prejudice.  It is

FURTHER ORDERED that Defendants "Two Unknown BICE Agents at the Arapahoe County Justice Center" are dismissed from this action without prejudice, since they were named in the "3rd Amended Prisoner Complaint" filed January 14, 2008, but have not been identified or served in this action to date.  It is

FURTHER ORDERED that Defendant "Agent Lee," designated on the case caption as "United States Department Of Homeland Security - Immigration and Customs Enforcement - Agent Lee" is dismissed from this action without prejudice, since he has not been served in this action to date.  It is

FURTHER ORDERED that the 3rd Amended Prisoner Complaint and cause of action are dismissed with prejudice as to Defendant Wheeler and without prejudice as

---

[17] See Plaintiff's Answer To Magistrate Judge Recommendation (Doc. No. 85) at 2.

[18] See U.S. v. Salerno, 481 U.S. 739, 754-55 (1987); Faheem-El v. Klincar, 841 F.2d 712, 719 (7th Cir. 1988).

to the remaining Defendants, as set forth above, the parties to pay their own costs and attorney's fees.  It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado this 5th day of August, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court